STATE v. HAMILTON.

State
v.
Hamilton.

1 In an indictment for perjury, against a party to a suit, it is necessary to show, by proper averments, that he was sworn under circumstances which authorised his being sworn as a witness in the cause. See R. S. 1835; Title "Justices' Courts," p. 361.)

2. Unnecessary and useless averments in an indictment, may be rejected as surplusage.

Error to the Circuit Court of Platte county.

BURNETT & JONES for the State.

DONIPHAN for Defendant.

*Opinion of the Court, delivered by Napton, Judge.*

This was an indictment for perjury. The indictment charged, That on, &c., at &c., before one William Bauta, a justice of the peace within and for the county aforesaid, a certain cause between one Thode, adm'r. &c., and one David Hamilton, in which cause the said Thode was plaintiff, and said Hamilton defendant, came on to be tried in due form of law, and was then and there, to wit &c., tried by said justice &c. And upon the trial of said cause, the said David Hamilton, then and there appeared as a witness, and was then and there duly sworn &c., in the usual form. The indictment further averred, that upon this trial, it became a material question whether the said Thomas Young, in his life time, had sold and delivered to said David Hamilton, a certain barrel of whisky, at, and for the price of seventeen dollars and fifty cents; and whether the said Young had sold and delivered, in his life time, a barrel of whisky, at, and for any price whatsoever. And thereupon, the said Hamilton, being so sworn as aforesaid, devising, &c., on the trial, &c., did testify, &c., that the said Thomas Young, deceased, in his life time, had not sold and delivered to him, the said Hamilton, the said barrel of whisky, at, and for the said price of fifteen dollars, nor at any price whatsoever: whereas, in truth, and in fact, the said Young, in his life time, did sell, and deliver to the said Hamilton, the said barrel of whisky, at, and for said price of fifteen

dollars, and so the jurors aforesaid, &c.; the defendant demurred to this indictment, and the court sustained the demurrer; and the only question is, whether the demurrer was properly sustained.

APRIL TERM.
1842.

State
v.
Hamilton.

In the first count of the indictment, it was averred, that the defendant was sworn as a witness *on behalf of himself;* this was omitted, however, in the second count, and it was simply stated that defendant was sworn as a witness, without specifying on whose *behalf,* or at whose instance the oath was taken. As it was the duty of the court to overrule the demurrer, if either count in the indictment were good, it is unnecessary to enquire, whether the statement that the witness testified on behalf of himself, was improperly made or not. Both counts were objectionable in this, that there was no averment that the witness was sworn under circumstances which would authorize him to be sworn. The general rule of law is, that a party cannot be a witness in his own case. There are special circumstances, which, by our Statute, authorise a party to be sworn. These circumstances should have been set forth.

In an indictment for perjury, against a party to a suit, it is necessary to show, by proper averments, that he was sworn under circumstances which authorised his being sworn as a witness in the cause. (See R. S., 1835, Title "Justices' Courts," p. 361.)

The counsel for the defendant has also objected to this indictment, that it is repugnant and inconsistent, because it is averred, that on the trial of the suit before the justice, it became material to enquire, whether a certain barrel of whisky had been sold to defendant, for the price of fifteen dollars and fifty cents, and that defendant testified, he had purchased no such barrel of whisky at the price of seventeen dollars. The words "at, and for the price of seventeen dollars and fifty cents," wherever it occurs in this indictment, may be rejected as surplusage: every substantial averment is made out without it, and the charge is consistent without these words.' There was, in my opinion, no defect in the indictment in this particular.

Unnecessary and useless averments in an indictment may be rejected as surplusage.

Judgment affirmed.

31